UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leon Opiacha,

  Plaintiff,

v.

Department of Human Services,

  Defendant.

Case No. 20-CV-1032 (NEB/DTS)

**REPORT AND RECOMMENDATION**

  Plaintiff Leon Opiacha has been civilly committed as mentally ill and dangerous by the State of Minnesota. *See In the Matter of Opiacha*, ___ N.W.2d ___, 2020 WL 1845253 (Minn. Ct. App. April 13, 2020). Opiacha now comes to this Court seeking to have the order of civil commitment vacated.

  Opiacha did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That said, an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right

1

to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Opiacha cannot yet seek relief at this time. As an initial matter, Opiacha has presented the wrong type of pleading for his claims. Opiacha is not challenging the conditions of his confinement, but the fact that he is confined at all. Such a claim must be presented in a petition for a writ of habeas corpus, not a civil complaint. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Furthermore, to the extent that Opiacha seeks civil relief that necessarily implies the invalidity of his detention, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) ("[T]he principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence.") (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)). Finally, the Minnesota Department of Human Services is not an appropriate party for constitutional claims brought pursuant to 42 U.S.C. § 1983; such claims must be brought against a "person" within the meaning of that statute. *See Monroe v. Ark. State University*, 495 F.3d 591, 594 (8th Cir. 2007).

Opiacha is not an attorney, and the fact that he made technical errors in pleading is not reason enough to recommend dismissal of this action. *See Spencer*, 774 F.3d at 470-71. Under other circumstances, this Court would simply reinterpret the pleading as a habeas petition and permit this matter to proceed accordingly. But a detainee challenging a state-court judgment through a habeas corpus petition must first exhaust all available remedies in the state courts. *See* 28 U.S.C. § 2254(b). Opiacha's civil detention has extended for several years, but this matter concerns a challenge to a very recent decision of the Minnesota Court of Appeals, *see* Compl. Ex. 1 [ECF No. 1-1] — so recent, in fact, that the Minnesota Supreme Court has not yet had an opportunity to consider the merits of Opiacha's claims. Until Opiacha fairly presents his claims for relief to the Minnesota Supreme Court, this Court should decline to consider the merits of those claims.[1] *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

For those reasons, it is recommended that this matter be dismissed without prejudice. Opiacha's pending motion for dismissal of the order of civil commitment may similarly be denied without prejudice.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] A habeas petition earlier filed by Opiacha was likewise dismissed for failure to exhaust available state remedies. *See Opiacha v. Department of Human Services*, No. 18-CV-2990 (PAM/HB), ECF No. 20 (D. Minn. May 9, 2019). Opiacha has since begun the process of presenting his claims to the Minnesota state courts, but he has not yet completed that process.

2.The application to proceed *in forma pauperis* of plaintiff Leon Opiacha [ECF No. 2] be DENIED.

3.Opiacha's motion for dismissal of the order of civil commitment [ECF No. 3] be DENIED WITHOUT PREJUDICE.

Dated: May 19, 2020s/David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).