UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LEON OPIACHA, | Case No. 20-CV-1032 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| DEPARTMENT OF HUMAN SERVICES and MINNESOTA STATE HOSPITAL, | |
| Defendants. | |

---

Plaintiff Leon Opiacha has been civilly committed as a mentally ill and dangerous person by the State of Minnesota. *Matter of Opiacha*, 943 N.W.2d 220, 222 (Minn. Ct. App. 2020). He filed a complaint against the Department of Human Services ("DHS") and the Minnesota State Hospital alleging violation of his civil rights under 42 U.S.C. § 1983, and seeks to proceed *in forma pauperis*. (ECF Nos. 1 ("Compl."), 2.) He also filed a motion to dismiss the order of his civil commitment. (ECF No. 3 ("Mot.").) On May 19, 2020, United States Magistrate Judge David T. Schultz issued a Report and Recommendation recommending that (1) this matter be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B), (2) Plaintiff's application to proceed *in forma pauperis* be denied, and (3) his motion for dismissal of his order of civil commitment be denied without prejudice. (ECF No. 7 ("R&R").) Plaintiff filed a two-page hand-written response that is somewhat

difficult to decipher, but it does not object to the merits of the R&R.[1] (ECF No. 8 ("Pl's Resp.").)

In his response to the R&R, Plaintiff attempts to correct some deficiencies in his civil complaint that were identified by Judge Schultz. The Court is mindful that it should treat a pro se litigant's attempts to eliminate pleading deficiencies as a motion for leave to amend a complaint. *See generally Iheme v. Smith*, 529 F. App'x 808, 810 (8th Cir. 2013) (per curiam) (reviewing a 28 U.S.C. § 1915A dismissal and concluding that the district court should have treated a pro se litigant's objections to the magistrate judge's report and recommendation as a motion for leave to amend the complaint); *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (per curiam) (reviewing a § 1915A dismissal and construing prisoner plaintiff's objections to magistrate judge's report as motion for leave to amend complaint).[2] A party may amend its pleading with the court's leave, and the

---

[1] The Court notes that Plaintiff's submission failed to comply with the requirements of Local Rule 72.2. A party objecting to a report and recommendation must make "specific objections." D. Minn. LR 72.2(b)(1). And an unrepresented party's objections "must be either typewritten and double-spaced or, if handwritten, printed legibly." D. Minn. LR 72.2(b)(2)(B). While the submissions and arguments of pro se litigants like Plaintiff are to be viewed liberally and with leniency, they "are not excused from compliance with procedural rules." *Miller v. Nw. Airlines, Inc.*, No. 11-CV-2063 (SRN/AJB), 2013 WL 5425420, at *5 (D. Minn. Sept. 27, 2013) (citing *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986)).

[2] In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the court to dismiss a case at any time if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, § 1915A directs courts to screen complaints filed by prisoners against a governmental

court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Denying a motion for leave to amend based on futility means the court has concluded that the proposed amendment could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

The R&R offers several bases for dismissal, which the Court reviews *de novo*. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Plaintiff alleges false imprisonment in his complaint and in response to the R&R and moves for the dismissal of his order of civil commitment. (Compl. at 1; Pl's Resp. at 1; ECF No. 4 at 1.) The R&R explains that Plaintiff cannot seek such relief through a § 1983 complaint, because he "is not challenging the conditions of his confinement, but the fact that he is confined at all. Such a claim must be presented in a petition for writ of habeas corpus, not a civil complaint." (R&R at 2.) A civilly committed complainant's request for release "is not available under 42 U.S.C. § 1983 but is properly sought in a habeas corpus petition after exhaustion of state remedies." *Carter v. Bickhaus*,

---

entity, or officer or employee of a governmental entity, and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b). Because of the overlap in the two standards, and out of an abundance of caution, the Court follows the example of the Eighth Circuit's consideration of objections to § 1915A dismissals in this § 1915(e)(2) case.

3

142 Fed. Appx. 937, 938 (8th Cir. 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973)).

The R&R also found that even if Plaintiff's complaint was construed as a habeas petition, he had not exhausted all available remedies in state courts. "Federal habeas relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'" *Armstrong v. Iowa*, 418 F.3d 924, 925–26 (8th Cir. 2005) (quoting 18 U.S.C. § 2254(b)(1)(A)); *see Nevada Silverpony v. Goodno*, No. 07-CV-4558 (JMR/RLE), 2008 WL 2937307, at *8 (D. Minn. July 28, 2008) ("It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a person in State custody unless the petitioner has first exhausted all available State Court remedies."). To satisfy the exhaustion requirement, Plaintiff must show that all his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). The exhaustion doctrine is designed to give state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Thus, under the exhaustion requirement, Plaintiff must give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the

4

State's established appellate review process." *Horswell v. Piper*, No. 17-CV-5389 (JRT/DTS), 2018 WL 1462239, at *2 (D. Minn. Feb. 21, 2018), *R&R adopted*, 2018 WL 1461971 (D. Minn. Mar. 23, 2018) (quoting *O'Sullivan*, 526 U.S. at 845); *see Goodno*, 2008 WL 2937307, at *8 ("[A] petitioner must fairly present his constitutional claims to the highest available State Court before seeking relief in Federal Court."). The Minnesota Court of Appeals affirmed the denial of Plaintiff's motion to dismiss the petition for discharge from commitment on April 13, 2020. *Opiacha*, 943 N.W.2d 220. To exhaust his state court remedies, Plaintiff was to petition for discretionary review from the Minnesota Supreme Court within 30 days of the filing of the Court of Appeals' decision. Minn. R. Civ. App. P. 117 subd 1. He did not do so, and the Court of Appeals entered judgment on June 2, 2020. *In the Matter of the Civil Commitment of Opiacha*, No. A19-1693 (Minn. Ct. App. 2020). Because Plaintiff did not seek discretionary review from the Minnesota Supreme Court, he did not fully exhaust his remedies in the state courts. *See Horswell*, 2018 WL 1462239, at *2 & n.3 (recommending dismissal of civilly committed plaintiff's habeas petition for failure to fully exhaust state remedies because he did not seek review from the Minnesota Supreme Court), *R&R adopted*, 2018 WL 1461971.

The R&R also correctly found that claims alleging the invalidity of Plaintiff's detention are barred by the doctrine set forth in *Heck v. Humphry*, 512 U.S. 477 (1994). (R&R at 2.) Under this doctrine, if a judgment in favor of a plaintiff in a § 1983 action would necessarily imply the invalidity of his conviction, continued imprisonment,

5

sentence, or detention, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486–87; *Thomas v. Eschen*, 928 F.3d 709, 713 (8th Cir. 2019) (holding that because the state courts disagreed with plaintiff's claim that he never should have been committed, the *Heck* doctrine precluded plaintiff from proceeding with his wrongful-commitment claim); *Coffman v. Blake*, 156 F. App'x 863 (8th Cir. 2005) (affirming preservice dismissal of civilly committed plaintiff's § 1983 complaint without prejudice based on *Heck*).

Finally, the R&R found that the Minnesota Department of Human Services was not an appropriate defendant for a § 1983 claim. (R&R at 2.) Rather than object to this finding, Plaintiff's response identifies only the Minnesota State Hospital as a defendant. (Pl's Resp. at 1.) The Court agrees that Plaintiff's claims against the Minnesota Department of Human Services are barred by the Eleventh Amendment. *See Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency "for any kind of relief"); *Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005) ("Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in official capacity even if the entity is the moving force behind the deprivation of the federal right."). While the R&R did not specifically address the claims against the Minnesota State Hospital, the same reasoning applies to this state defendant as well. *See Papenhausen v. Schoen*, 268 N.W.2d 565, 570 (Minn. 1978) (holding "the

6

operation of the state hospital is a governmental function"); *Burke v. Fulton State Hosp.*, No. 04-0878-CV-C-NKL, 2005 WL 1009588, at *2 (W.D. Mo. Apr. 28, 2005) ("The State Hospital also has Eleventh Amendment immunity and is not subject to an action for damages or equitable relief.") There is no indication that either defendant waived its immunity and consented to suit in federal court. *Cf. Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239–40 (1985) ("[A] State will be deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction.") (cleaned up).

In his response to the R&R, Plaintiff challenges "the condition of my stay," alleges that his Eighth Amendment rights have been violated, and asks for two million dollars.[3] (Pl's Resp. at 1–2.) The Court interprets these allegations as Plaintiff's effort to proceed with his § 1983 claim against Defendants. Even if Defendants were not immune from suit, Plaintiff's new allegations do not pass muster.

Because Plaintiff's response includes references to medications and a lack of therapeutic conditions of the facility, the Court will consider whether Plaintiff states a claim for constitutionally deficient medical care. A civilly committed person's right to medical care "arises under the Due Process Clause of the Fourteenth Amendment." *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014) (citation omitted). When a civilly committed

---

[3] The Court notes that a habeas petitioner cannot challenge both the legality of his confinement and the conditions of his confinement in a single lawsuit. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014).

person alleges a Fourteenth Amendment claim of constitutionally deficient medical care, courts "apply the deliberate indifference standard from the Eighth Amendment." *Mead v. Palmer*, 794 F.3d 932, 936 (8th Cir. 2015) (quoting *Scott*, 742 F.3d at 339). To prove deliberate indifference, Plaintiff must show that "(1) he suffered from objectively serious medical needs, and (2) the defendants actually knew of, but deliberately disregarded, those needs." *Id*. at 936 (citation omitted). To establish deliberate indifference, Plaintiff must show Defendants were "substantially aware of but disregarded an excessive risk" to his health or safety. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

Plaintiff claims that "I have a Doctor who only believe[s] in raising my medications and I have a history of diabetes in my family that is abusive to my emotional health," "this facility is not a therapeutic environment," and "it is a controlled chaos environment." (Pl's Resp. at 1.) Plaintiff does not describe any serious medical needs, or allege that Defendants were in any way deliberately indifferent to his medical needs. Even if the Court were to infer from these allegations that Plaintiff—rather than his family—had been diagnosed with diabetes, or that Defendants increased Plaintiff's medications, it does not follow that Defendants were substantially aware of, but disregarded, an excessive risk to Plaintiff's health or safety. *See generally Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." (citation and brackets omitted)). Because such

allegations would not withstand scrutiny under Rule 12(b)(6), allowing Plaintiff the opportunity to file and serve an amended complaint containing such allegations would be futile.

Plaintiff maintains that he has a constitutional right to "look for employment and education." (Pl's Resp. at 2.) He does not allege any facts implying that Defendants have prevented him from obtaining an education or employment. But even if he had, Plaintiff does not have a constitutionally recognized right to an education or employment opportunities while civilly committed. *See Semler v. Johnston*, No. 17-cv-2822 (ECT/LIB), 2019 WL 7580107, at *7 (D. Minn. Aug. 2, 2019), *R&R adopted*, 2019 WL 5854039 (D. Minn. Nov. 8, 2019) ("Plaintiff could not obtain relief on this claim because he has no protected interest in employment while civilly committed in the MSOP."); *Perseke v. Moser*, No. 16-CV-557 (PJS/LIB), 2016 WL 6275191, at *4 (D. Minn. Sept. 26, 2016) (recommending dismissal of due process claims because civilly committed patient had no protected property interest in his vocational placement or a fundamental right to employment), *R&R adopted*, 2016 WL 6246761 (D. Minn. Oct. 25, 2016); *Banks v. Jesson*, No. 11-CV-1706 (SRN/JSM), 2016 WL 3566207, at *11 (D. Minn. June 27, 2016) (holding civil commitment detainee had no constitutional right to education) (citing *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration")); *see generally San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973) ("Education, of course, is not among the rights afforded

explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected."). Thus, these claims fail for lack of a protected interest.[4]

Having independently reviewed the record and the R&R, the Court finds Judge Schultz's reasoning sound and finds no legal basis to depart from his recommendations. To the extent Plaintiff's response to the R&R can be construed as a motion for leave to amend the Complaint, the Court concludes that the proposed amendments could not withstand a motion to dismiss under Rule 12(b)(6), and thus denies the motion as futile. Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

---

[4] Plaintiff also notes that the facility houses sex offenders, and he is not a sex offender. (Pl's Resp. at 2.) Even liberally construing this allegation as an effort to address the R&R, the Court finds that this factual allegation fails to state a claim for which relief may be granted.

1. The Report and Recommendation (ECF No. 7) is ACCEPTED;

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is DENIED;

3. Plaintiff's motion for dismissal of the order of civil commitment (ECF No. 3) is DENIED WITHOUT PREJUDICE; and

4. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 19, 2020                        BY THE COURT:

                                                       s/Nancy E. Brasel
                                                       Nancy E. Brasel
                                                       United States District Judge